UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                   CRIMINAL NO. 09-20449

v.                                             HONORABLE AVERN COHN

D-3 ERWIN "EARL" HOLLENQUEST,

    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America submits its sentencing memorandum regarding defendant Erwin Hollenquest.

For the reasons set forth below, the government requests that the court impose a sentence of 41 months of incarceration. The government further requests that the court impose an order of restitution payable to the City of Ecorse in an amount of $50,000.00 and a criminal fine of $10,000.00.

### I. Factual Statement

On January 21, 2011 Erwin Hollenquest, the former Controller of the City of Ecorse, was convicted by jury trial for the offense of bribery. Mr. Hollenquest's conviction arose from his receipt of a bribe in return for his corrupt assistance and misuse of office, in connection with awarding contracts to provide public works services to the City of Ecorse, and approving

payments to the contractor on whose behalf the bribe was paid, Michigan Municipal Services (MMS).

The Presentence Investigation Report prepared by the United States Probation Office has found that a sentencing guideline range of 41 to 51 applies to defendant's bribery conviction. (PSIR, ¶ 55). The PSIR finds that a period of supervised release of not more than three years and a fine of between $7,500 and $75,000 are applicable. (*Id.*, ¶¶ 57-58 and 63).

Defendant Hollenquest has objected to certain findings in the PSIR. He objects to the determination that the bribe that he received – a Lexus automobile – had a value greater than $10,000. However, the record developed at trial, as outlined in the Addendum to the Presentence Report, amply supports this finding. He objects to the determination that he was a public official in a high level decision making position under U.S.S.G. §2C1.1(b)(3). Likewise, the record in the case, and the analysis of Application notes 1 and 4(a) of that guideline in the Addendum, fully support the conclusion that defendant was such a public official. The defendant's remaining objections require no further response than is contained in the Addendum.

## II. Argument

As the court is aware, it must impose a sentence based on the factors

set forth in Title 18, United States Code, Section 3553(a). The government submits that the following statutory factors are most relevant to this case.

### A.     The Nature and Circumstances of the Offense

Erwin Hollenquest has been convicted of receiving a bribe in connection with a scheme that is emblematic of the 'pay to play' approach to local government which has become all too familiar to the residents of this district. As the Controller of the City of Ecorse, Mr. Hollenquest was the one person best situated to recognize and challenge the corrupt scheme of his codefendants, Mayor Herbert Worthy and the principals of MMS, to fleece the city of hundreds of thousands of dollars and to line their own pockets in the process. However, rather than carry out his fiduciary duty to the city as its Controller, the defendant accepted his own bribe (or more bribes) and went on to approve MMS's fraudulent invoices for a period of many months.

In November 2007 codefendant Herbert Worthy was the newly elected Mayor of Ecorse and, as such, was the most senior public official in the City of Ecorse, with the ultimate responsibility for the conduct of his administration. But Mr. Hollenquest was the Controller, responsible for overseeing the fiscal affairs of the city, and as such should have been the watchdog. Mr. Worthy began to accept illegal cash payments within weeks, if not days, of taking public office; Mr. Hollenquest, likewise, accepted the bribe for which he was

convicted, a 1998 Lexus SC 400, shortly after the election. Mr Worthy (and Mr. Hollenquest, according to the evidence at trial) continued to receive bribe payments through 2008. The bribe payments that were siphoned off to these defendants came from funds meant to pay for basic public services for the citizens of Ecorse, such as garbage collection, snow plowing and water service.

All of this occurred during the same time period that saw the City of Ecorse, under Mr. Worthy's tenure as Mayor, slide into fiscal mismanagement so severe that the Governor of Michigan found it necessary to declare a financial emergency and to install an emergency financial manager for the city. This is a stark example of betrayal by public officials who put personal enrichment ahead of the interests of the citizens they were supposed to serve.

Particularly egregious is that this was not the first time Mr. Hollenquest had accepted a bribe in connection with the public works of the City of Ecorse. Evidence at trial established that in 2004, when Hollenquest was Controller under a prior administration, his codefendant in this case, Sheldon Divers, had a smaller business that was doing public works contracting with Ecorse. Hollenquest had approval authority over Divers's bills to the city. Divers was driving a BMW 525i that he had titled in a girlfriend's name. Hollenquest expressed an interest in the car, but didn't have the money to pay for it. So he and Divers arranged for Divers to inflate

an invoice; in return for Hollenquest's approval, Divers gave him the car. As with the Lexus in this case, the title was transferred to Hollenquest's wife.

### B.     History and Characteristics of the Defendant

Erwin Hollenquest has no prior criminal convictions and is scored as a Criminal History Category I under the U.S. Sentencing Guidelines.

The PSIR indicates that Mr. Hollenquest has several existing medical conditions. (PSIR, ¶40). While these health issues are regrettable, they do not appear to be uncommon as measured against other criminal defendants sentenced in this district. There is no reason to believe that the Bureau of Prisons lacks either the facilities or the services to accommodate his health issues. *See United States v. Carpenter*, 359 Fed.Appx. 553, 558 (6th Cir. 2009) (affirming 108 month sentence and denial of defendant's motion for downward departure where the district court "acknowledged [his] poor heath and concluded that the BOP's facilities are equipped to treat him"); *United States v. Clark,* 469 F.3d 568, 571 (6th Cir. 2006) (affirming 360 month sentence where the district court "took into account" defendant's "age and medical condition"). To the degree that Mr. Hollenquest's age or his medical condition are appropriate factors to consider in mitigation of punishment, those issues can be adequately accounted for by this court in selecting a sentence within the guideline range.

### C. Seriousness of the Offense, Promoting Respect For the Law, Providing Just Punishment, and Affording Adequate Deterrence

Erwin Hollenquest's crime was serious. The ugly spectacle of a city official who violates his fiduciary responsibilities in return for bribes does untold damage to the faith of our citizens in the integrity and the fairness of their system of government. The sentence imposed in this case must send a clear message that such conduct will not be tolerated.

It has been said that "the accomplice to the crime of corruption is frequently our own indifference." In our nation of laws the only recourse for such a betrayal of public trust comes through the justice system now delegated to this court. In light of those factors, a substantial sentence of between 41 and 51 months is warranted.

### D. Sentences Contemplated by the Sentencing Guidelines

The PSIR prepared by the U.S. Probation Department found that an advisory guideline range of 41 to 51 months applies to defendant's offense of conviction. (PSIR, ¶ 55). The government concurs in that calculation. While a sentence within the advisory guideline range is not "per se reasonable," it does carry a presumption of reasonableness on appeal when the record shows that the district court considered the range as applied to a particular defendant in light of the § 3553(a) factors. *United States v. Buchanan*, 449

- 6 -

F.3d 731, 734 (6th Cir. 2006).

### E.     The Need to Avoid Unwarranted Sentencing Disparities

Finally, imposition of a sentence within the advisory Guideline range best serves "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  Congress "sought uniformity in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct" prior to the Guidelines. *Rita v. United States*, 127 S. Ct. 2456, 2464 (2007).  Because "uniformity remains an important goal of sentencing," "Section 3553(a)(6) directs *district courts* to consider the need to avoid unwarranted disparities." *Kimbrough v. United States*, 128 S. Ct. 558, 573-74 (2007)(emphasis by Court).  The Guidelines "help to 'avoid excessive sentencing disparities,'" *Kimbrough*, 128 S. Ct. at 573-74, because "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," *Gall v. United States*,128 S. Ct. 586, 599 (2007), and because most defendants are sentenced within the Guideline Ranges.

A sentence within the guideline range would serve this purpose in this case. Sentences of the other defendants in the same case are not a basis on which to determine Mr. Hollenquest's sentence. All three of his codefendants

pleaded guilty and accepted responsibility, thus justifying substantially lower sentences. Two of the three – Mr. Tarockoff and Mr. Divers – cooperated in the investigation and, indeed testified at the trial of Mr. Hollenquest, thus further justifying their lower sentences, of 2 months and 18 months imprisonment, along with $50,000 restitution. And Mr. Worthy, although he did not cooperate, put forward other individual reasons that this court found sufficient to justify a below guidelines sentence of 18 months imprisonment.

Accordingly, an individualized consideration of Mr. Hollenquest should result in a substantially higher sentence than that imposed on any of his codefendants. He has advance no reason why this court should vary from the guideline range of 41-51 months.

### III. Conclusion

Based upon the foregoing and consistent with Erwin Hollenquest's offense of conviction and the statutory sentencing factors, the government recommends that the court impose a sentence of 41 months incarceration to be followed by a term of three years of supervised release. The government further requests that the court impose an order of restitution to the City of

Ecorse in an amount of $50,000.00 and a criminal fine of $10,000.00 as part of that sentence.

> Respectfully submitted,
>
> BARBARA L. McQUADE
> United States Attorney
>
>  s/ Sheldon N. Light
> SHELDON N. LIGHT (P28798)
> Assistant U.S. Attorney
> 211 W. Fort St., Suite 2001
> Detroit, MI 48226-2311
> 313.226.9732
> Sheldon.Light@usdoj.gov

Dated: September 16, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ray E. Richards, Esq.

s/Sheldon N. Light
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: 313.226.9732
E-Mail: sheldon.light@usdoj.gov
P28798
